# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

CHARLES D. DAVIS,        )
        )
   Movant,        )
        )   Case No. 13-1240-CV-W-ODS-P
   vs.        )   Crim. No. 09-00353-01-CR-W-ODS
        )
UNITED STATES OF AMERICA,        )
        )
   Respondent.        )

### OPINION AND ORDER DENYING MOTION FILED PURSUANT TO 28 U.S.C.§ 2255

Movant is a federal prisoner confined at the Federal Correctional Institution in Forrest City, Arkansas, pursuant to his 2011 his plea of guilty and conviction for one count of conspiracy to distribute 280 grams or more of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 in the above-numbered federal criminal case. After indictment but prior to movant's guilty plea, Congress amended the provisions of the Controlled Substances Act under Title 21 of the United States Code to alter the amounts of cocaine base to trigger enhanced statutory punishments. The previous drug amount under 21 U.S.C. §841(b)(1)(A) of 50 grams was increased to 280 grams. See Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372.

When movant entered a guilty plea on February 22, 2011, the plea agreement provided that the government would dismiss all but one of the charges, including Count Two, which would have required a statutory minimum consecutive sentence of 60 months' imprisonment. A detailed factual basis for the plea was part of the plea agreement, which contemplated that the amount of cocaine base involved in 2008 and 2009 was more than 1,000 grams.1 The statutory penalties were outlined in the plea

---

1 The Government has not responded to the Section 2255 motion's merits, but the Court nonetheless notes the motion lacks merit. The failure to "update" the Indictment to reflect the retroactive effect of the Fair Sentencing Act did not affect the

agreement, which advised movant that the Sentencing Guidelines computations which took effect after the Fair Sentencing Act were being utilized to compute his sentence. In his plea agreement, movant waived his constitutional right to a jury trial and to appeal or collaterally challenge his sentence. Movant was sentenced to a term of 168 months' incarceration on July 26, 2011. Movant did not file an appeal of that sentence, and his sentence became final on August 9, 2011.

On December 23, 2013, this Court received a motion from movant seeking to vacate his sentence pursuant to 28 U.S.C. § 2255 and ordered movant to file his motion on court-approved forms by January 24, 2014. On January 21, 2014, movant filed the current Section 2255 motion and a sixteen-page memorandum in support thereof (Doc. Nos. 3 and 4), claiming that his sentence is illegal because of the drug quantity of more than 280 grams of cocaine base, because the 10-year statutory minimum sentence under Section 841(b)(1)(A) was illegal, and because his defense counsel failed to challenge the altered drug quantity as a constructive amendment of the indictment. Movant also attacks Count Two, which was dismissed as a result of the guilty plea, but which he alleges was used to enhance his sentence on Count One.

Although movant admits that his present Section 2255 motion is untimely filed, movant argues that he is entitled to equitable tolling because he has no legal training or knowledge and because he relied on his defense counsel to file a timely "appeal." Respondent argues that movant's lack of education and training in the legal field does not establish extraordinary circumstances beyond his control or that he was lulled into inaction causing him to wait until December 19, 2013, to place the

---

proceeding's fairness or any of movant's rights. This conclusion is based on the fact that movant conceded, in the plea agreement, that his crime involved more than 1,000 grams of cocaine base – much more than the 280 grams required after the Fair Sentencing Act was passed. Cf. United States v. Higgins, 710 F. 3d 839, 846-47 (8th Cir.), cert. denied, 134 S. Ct. 343 (2013).

present motion in the prison mail system sufficient to excuse the untimely filing of his Section 2255 motion pursuant to the one-year statute of limitations. Doc. No. 6, p. 6.

Because movant's judgment was entered on July 26, 2011, and because he did not file a direct appeal, his conviction became final and the one-year statute of limitations began to run no later than August 9, 2011, when the fourteen-day period for taking a direct appeal under Fed. R. App. P. 4(b)(1)(A) expired. Movant mailed his Section 2255 motion December 19, 2013, well beyond a year after the statutory deadline had expired on August 10, 2012.

The Eighth Circuit has held that equitable tolling of the one-year statute of limitations applies only where extraordinary circumstances beyond a prisoner's control prevent timely filing, see United States v. Hernandez, 436 F. 3d 851, 858 (8th Cir. 2006), and where the prisoner has exercised due "diligence in pursuing the matter." See United States v. Martin, 408 F. 3d 1089, 1095 (8th Cir. 2005). The government had no part in lulling movant into inaction in this case or in preventing movant from filing a timely direct appeal or Section 2255 motion. Any unfamiliarity with the laws or lack of legal research materials do not relieve movant of the duty to file a timely motion pursuant to 28 U.S.C. § 2255. See United States v. McIntosh, 332 F. 3d 550, 551 (8th Cir. 2003) (citing Cross-Bey v. Gammon, 322 F. 3d 1012, 1015-16 (8th Cir.) (unrepresented prisoner's lack of legal knowledge does not support equitable tolling), cert. denied, 540 U.S. 971 (2003)); Baker v. Norris, 321 F. 3d 769, 771 (8th Cir.) (limitations on use of law library at facility insufficient to require equitable tolling), cert. denied, 539 U.S. 918 (2003).

Moreover, movant has failed to demonstrate due diligence in pursuing this Section 2255 motion by filing it over fourteen months out-of-time. Earl v. Fabian, 556 F. 3d 717, 724 (8th Cir. 2009) (no due diligence when delayed filing motion despite having notice and at least eight months to file motion); Anjulo-Lopez v. United States, 541 F. 3d 814, 815-16(8th Cir. 2008)(no due diligence when failed to

determine that appeal had not been filed and when failed to pursue claims).  Movant was free at any time after final judgment was entered and before the one-year statute of limitations period had expired to file a timely Section 2255 motion.  <u>Id</u>.  Therefore, this case was untimely filed and must be dismissed.

Accordingly, it is **ORDERED** that:

(1) movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied as untimely filed; and

(2) this case is dismissed with prejudice.

       /s/ Ortrie D. Smith
ORTRIE D. SMITH
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:  May 6, 2014..